IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES ANTHONY KEGLER, #127802 *

Plaintiff, *

v. * CIVIL ACTION NO. 2:05-CV-619-F
(WO)

WARDEN G. MOSLEY, *et al.*, *

Defendants. *

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility, files this complaint pursuant to 42 U.S.C. § 1983. He asserts various violations of his constitutional rights and names twenty-five defendants to this cause of action. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims and some of the named defendants prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I. DISCUSSION

*A. The Classification Claim*

Plaintiff states that he was transferred to Easterling under a level four security

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

classification from Hamilton A&I where he enjoyed a level two custody classification. He complains that Defendants changed his classification status without affording him a re-classification hearing. This claim entitles Plaintiff to no relief.

An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Because Plaintiff has no constitutionally protected interest in the degree of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Thus, the decision to transfer Plaintiff to another penal facility and change his custody level did not result in a constitutional violation.

*B. The Access to Courts Claim*

Plaintiff alleges that he is being denied adequate access to the law library. He also complains that there is an insufficient number of inmate law clerks available in relation to the number of inmates housed at Easterling.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed

violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id.* at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id.* at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the

courts").

Here, Plaintiff has not established a viable claim that he has been denied access to the courts. He does not allege that Defendants engaged in conduct that so hindered his efforts to pursue a non-frivolous legal claim nor that the resources available at Easterling's law library are inadequate to such a degree that he experienced adverse consequences or an actual injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the courts due to the alleged inadequacies of Easterling's law library and/or access to the law library and legal assistance services, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).[2]

*C. The Disciplinary Claim*

Plaintiff complains that Defendants are violating inmates' right to due process by issuing illegal disciplinaries and citations, pre-judging an inmate's guilt prior to the disciplinary hearing, failing to post rules and standard operating procedures in the dorms, and failing to conduct disciplinary hearings in accordance with departmental regulations. To state a civil rights claim, an inmate must allege that he, himself, sustained a deprivation of a constitutional or federal right, privilege, or immunity. *See Saladin v. City of*

---

[2]The court notes Plaintiff's assertion that he along with other inmates who provide inmate legal assistance are "targeted for illegal disciplinary and citations." Plaintiff's vague and conclusory claim of reprisal without any factual support is insufficient to sustain a § 1983 cause of action. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

*Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Inmates v. Owens***,** 561 F.2d 560 (4th Cir. 1977).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that Plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen*, 468 U.S. at 751.

Based on its review of Plaintiff's allegations regarding disciplinary proceedings at Easterling, the court finds that Plaintiff is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. Thus, the claims presented by Plaintiff allege "infringement of a legal interest which clearly does not exist" and are, therefore, subject to dismissal as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*D. Defendants Barbour County and City of Clio*

Plaintiff names Barbour County, Alabama, and the City of Clio as defendants and alleges that they have a legal duty to provide inmates with safe, drinkable water. According to Plaintiff's complaint, the water supply at Easterling is contaminated and has caused serious health problems at the facility including skin disease.

While counties and other local government entities are considered "persons" within the scope of § 1983, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the county or city liable. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the execution of the government's policy or custom ... inflects the injury that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Because Plaintiff fails to articulate a theory under *Monell* under which the County or City may be held liable with regard to his claim of contaminated water at Easterling, the court concludes that Plaintiff's claim against these defendants is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Clerk of Court take all necessary steps to amend the court docket to reflect that Commissioner Donal Campbell, the City of Clio, Alabama, and Barbour County,

Alabama, are named defendants;

2. Plaintiff's classification, access to courts, and disciplinary claims be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3. Plaintiff's *respondeat superior* claim against Barbour County, Alabama, and the City of Clio, Alabama, be dismissed with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

4. Defendants Barbour County, Alabama, and City of Clio, Alabama, be DISMISSED as parties to this action;

5. Plaintiff's complaint against Defendants H. Jones, Ms. Wilson, Lt. Willie Bryant, Officer Bryan Gavins, Captain Sconyer, Sergeants Woods and Lawson, and Correctional Officers Keaton, Canty, Gauins, Barnes, Bailey, L.A. Wells, Butler, Balwin, McCovery, Bell, Floyd, Spahn, Rodgers, Bland, Ivey, Fayson, Hamilton, and Peavey be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

6. The Defendants listed in ¶ 5 be DISMISSED as parties to this complaint; and

7. This case, with respect to Plaintiff's claims against Commissioner Campbell, Warden Mosley, and Nurse Teal regarding unsafe water and a denial of medical care due to Easterling's co-pay policy, be REFERRED back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 29, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE