IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY KEGLER,<br>AIS # 127802 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:05-CV-619-F |
| v. | ) | |
| | ) | |
| GWENDOLYN MOSLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SPECIAL REPORT

COME NOW the defendants, Commissioner Donal Campbell and Warden Gwendolyn Mosley, by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in response to this Honorable Court's Order dated August 15, 2005, hereby submit the following Special Report:

### PARTIES

1.    Plaintiff Charles Anthony Kegler is an Alabama Department of Corrections (ADOC) inmate currently incarcerated at Easterling Correctional Facility (ECF).

2.    Defendant Donal Campbell is currently the Commissioner of ADOC.

3.    Defendant Gwendolyn Mosley is currently employed as a Correctional Warden III at ECF.

### ALLEGATIONS

1.    The plaintiff alleges that the drinking water at ECF is unsafe.

2.     The plaintiff alleges Nurse Teal and Warden Mosley have independently created a policy to deny medical treatment to plaintiff by charging co-pays in direct violation of ADOC regulations adopted by ADOC prison officials.

## DEFENDANTS' RESPONSE

1.     Defendants deny they were deliberately indifferent to the plaintiff's medical needs.

2.     Defendants deny they have violated any of plaintiff's constitutional rights.

3.     Defendants deny all material allegations not expressly admitted herein and demand strict proof thereof.

4.     Defendants assert the defenses of sovereign and qualified immunity.

5.     Plaintiff fails to state a cause of action upon which relief may be granted.

6.     Defendants assert the defense of respondeat superior.

7.     Defendants have no day to day involvement with Kegler's health care.

8.     Defendants assert the plaintiff has not suffered a sufficient injury to state a cause of action.

## DEFENDANTS' EXHIBITS

Exhibit A – Affidavit of Gwendolyn Mosley dated August 29, 2005

Exhibit B – Supplemental Affidavit of Gwendolyn Mosley dated September 15, 2005

2

## FACTS

The drinking water at ECF is supplied by the City of Clio, Alabama.  ECF receives water test reports from the City of Clio annually.  The water quality reports for the year 2003 and 2004 are attached to Exhibit A.  ECF has inquired to the City of Clio as to whether any complaints of skin rashes or health problems have been reported as a result of the consumption of the city's drinking water.  The City of Clio responded in the form of a letter dated August 5, 2005, which is attached to Exhibit A, that there have been no complaints of skin rashes or other health related problems related to the consumption of the city's drinking water.

On June 10, 1996, a memo was sent to all ADOC inmates (Exhibit B) from Commissioner Joe Hopper starting co-pay charges for all inmate-initiated health care services.  Commissioner Hopper stated that a large number of unnecessary self-referrals necessitated such a policy.  The memo stated that no inmate would be refused medical care for lack of a co-payment and listed a plethora of services that would not require a co-pay.

## ARGUMENT

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).  Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing.  *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986).  Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id.*  This case is ripe for summary judgment

because Kegler cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

### I. Plaintiff's claim is not supported by the standard set in *Estelle*.

The plaintiff's claim of deliberate indifference arising from the alleged unfit water supply that is dangerous to his health, which would violate the Eighth Amendment's prohibition against cruel and unusual punishment, is not supported the standard set in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d. 251 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. The standard for a claim of deliberate indifference is: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999). Also, according to the United States Supreme Court in *Farmer v. Brennan*, "A prison official's 'deliberate indifference' to a substantial risk of serious harm of an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974 (1994) (citations omitted). Additionally, the Supreme Court notes the term "deliberate indifference," "describes a state of mind more blameworthy than negligence" and adopts a subjective test for "deliberate indifference," holding:

> [A] prison official cannot be found liable under the Eight Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that

4

> a substantial risk of serious harm exists, and he must also draw
> the inference.

Id., at 835 and 837.   Thus, as the Eleventh Circuit points out in *Taylor v. Adams*, "Ultimately, there are ... four requirements [to show deliberate indifference]: an objectively serious need, an objectively insufficient response to that need, a subjective awareness of facts signaling the need, and an actual inference of required action from those facts." 221 F.3d 1254, 1258 (11th Cir. 2000).

The plaintiff has produced no evidence that substantiates his claims of deliberate indifference to his medical needs concerning his consumption of the City's drinking water.  The plaintiff has also failed to demonstrate that any actions of the defendants arise to the level of indifference established by the United States Supreme Court.   Therefore, this Court should render judgment in favor of the defendants on the claim of intentional indifference to the plaintiff's medical needs.

### II. Co-pays for inmate-initiated medical appointments.

The plaintiff suggests he is being denied medical care due to the implementation of co-pays.  As can be seen in Exhibit B, attachment 2, inmates are not charged for appointments scheduled by the medical staff or the institutional staff.  This includes annual physicals, scheduled dental exams and cleaning, chronic care clinics, follow-up treatments prescribed by the care givers, pill call or medical services in a true emergency.

Even if the inmate has no money in his prison account, he is not denied self-referred medical care.

The plaintiff fails to state a claim for which relief can be granted because he states no case law that would define the practice of charging co-pays as a violation of his constitutional rights.

5

**III. Kegler's claim is barred because there is no respondeat superior liability in prisoner civil rights actions.**

Because there is no respondeat superior liability for prisoner civil rights actions, and Commissioner Campbell is sued entirely on that theory, he is entitled to summary judgment. Likewise, Warden Mosley does not supply medical care as these services are contracted to private providers. In order to state a cause of action for medical mistreatment under the Cruel and Unusual Punishment Clause of the Eighth Amendment, an inmate must show a defendant acted with deliberate indifference to the plaintiff's health. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285 (1976). Such a showing cannot be made against a prison official merely through the doctrine of respondeat superior. *Estelle v. Gamble*, 554 F.2d 653, 654 (5th Cir. 1977); See also *Dean v. Barber,* 216 F.3d 970, 984 (11th Cir. 2000) (holding there is no respondeat superior liability in cases arising under 42 U.S.C. § 1983). In this case, Kegler alleges no specific action or inaction on the part of Commissioner Campbell or Warden Mosley that led to Kegler's alleged injuries, so he must be suing on the basis of respondeat superior. Similar claims against prison officials have not withstood summary judgment. *Herndon v. Whitworth*, 924 F. Supp. 1171, 1174 (N.D. Ga. 1995) (holding a warden was not deliberately indifferent for failing to intervene while an inmate was receiving the wrong medication); *Green v. Manning*, 692 F. Supp. 1283, 1285 (S.D. Ala. 1987) (holding that plaintiff's dissatisfaction with his medical care was not enough to state an Eighth Amendment claim against a warden); *Pinkney v. Davis*, 721 So.2d 685 (Ala. 1998) (holding a warden was not deliberately indifferent when the warden delivered an inmate for medical care that proved unsuccessful);. Thus, these defendants are entitled to summary judgment.

**IV. These defendants are immune from suit.**

The defendants are also entitled to judgment from the plaintiff's claims based on qualified and absolute immunity. Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998). Choices concerning how an inmate's medical care is best facilitated are discretionary, and as Kegler has failed to cite a case that puts Commissioner Campbell or Warden Mosley on notice that their decision to leave Kegler's medical care to the discretion of trained professionals violated clearly established law, Commissioner Campbell and Warden Mosley are entitled to qualified immunity. As Kegler has failed to make this showing, Commissioner Campbell and Warden Mosley are entitled to summary judgment.

To the extent the defendants are sued in their official capacities, this suit is barred by the 11th Amendment to the United States Constitution, which states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347; *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890); See also Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity). A claim against a state official in his official capacity is a suit against the State. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As the State of Alabama has

not waived its immunity in this instance, Commissioner Campbell and Warden Mosley are entitled to summary judgment.

## V. Kegler has not stated sufficient injury to state a claim

Kegler's injuries were minimal ones on which he cannot base a claim. To state a claim, an inmate's injuries need not be significant, but must be more than de minimus. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.); modified in part by *Harris v. Garner*, 216 F. 3d 970 (2000). Also, As stated in 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." To satisfy the injury requirement, an inmate need not show permanent injury, but must "offer some evidence of injury beyond a minimal one." *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990). It is not entirely clear if the plaintiff has suffered a serious malady. A claim of a rash or skin disease does not meet this standard, as injuries more severe than this have consistently been found not sufficiently serious to state an Eighth Amendment claim. *Bennett*, 898 F2d. at 1533 (inmate's allegation of being beaten in the head with a night stick did not state sufficient injury); *Brown. v. Smith*, 813 F.2d 1187 (11th Cir. 1987) (inmate's allegation he was pinned against a wall by the neck with a riot baton did not state sufficient injury); *Siglar v. Hightower*, 112 F. 3d 191 (5th Cir. 1997) (bruised and sore ear lasting several days insufficient); *Lassan v. City of Orange Bearch*, 2000 W.L. 1844683 (S.D. Ala. 2000) (broken bone and digestive problems insufficient). Because Kegler's injuries, if they exist at all, are minimal, he has not stated an Eighth Amendment claim and Commissioner Campbell and Warden Mosley are entitled to summary judgment.

## CONCLUSION

Based on the foregoing, these defendants respectfully request this Court enter summary judgment in their favor.

Respectfully Submitted,
Troy King, Attorney General

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that I have on this the day 19th of September, 2005, electronically filed the foregoing with the Clerk of the Court using CM/ECF system and served a copy of the same by the United States Mail, postage prepaid, and properly addressed as follows:

Charles Anthony Kegler
AIS # 127802
200 Wallace Drive
Clio, AL   36017

/s/ Jeffery H. Long
Of Counsel

Address of Counsel:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax