RECEIVED

2005 OCT 31 A

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

CHARLES A. KEGLER,
    Plaintiff,

VS.                                    CIVIL ACTION NO: 2:05-CV-
                                                       619-F

WARDEN G. MOSELY, et al.,
    Defendant's,

    PLAINTIFF'S RESPONSE TO DEFENDANT'S SPEACIAL REPORT

    COMES NOW Plaintiff, in the above styled Cause, and would respectfully file, this the Plaintiff'ds Response to the Defendant's Special Report. Plaintiff would aver the following to the Honorable Court:

1. Plaintiff would submit the attached Affidavit's in support of his Response.

2. Plaintiff would aver to this Honorable Court, that this Honorable Court has DENIED the Plaintiff access to DISCOVERY, by DENYING said Discovery previously, and this in turn and all has DENIED the Plaintiff the abilit to obtain evidence that would have supported his claims against the Defendant, which was filed on SEPTEMEBER 28, 2005.

3. Plaintiff acers to this Honorable Court, that the Water that is supplied to EASTERLING CORRECTIONAL FACILITY is from a GROUND WELL and elevated Storage Tank located on STATE OF ALABAMA DEPARTMENT OF CORRECTIONS PROPERTY,

      ALSO LOCATED ON EASTERLING CORRECTIONAL FACILITY
PROPERTY located at 200 WALLACE DRIVE, CLIO, AL.,
approximately 200 Feet/ Yards, from the Prison fence
at easterling Correctional Facility.

4. Plaintiff would aver that the Defendant's Exhibit # 1
ANNUAL DRINKING WATER QUALITY REPORT JANUARY- DECEMBER
2004, CITY OF CLIO, in the First Paragraph states:
" WE UTILZE TWO WELLS AND OUR WATER RESOURCE IS GROUND
WATER.  WELL # 3 IS LOCATED ON BARBOUR COUNTY ROAD 15
AND DRAWS FROM THE CLAYTON AQUIFER.  WEEL # 4 IS
LOCATED ON BUL:E SPRINGS STREET AND HAS THE PUMPING
CAPACITY OF 850 GPM FROM THE TUSCALOOSA AQUIFIER.

5. No where in the Defendant's Exhibit's are Reports from
a or any Well's and Elevated Storage tanks located at
200 WALLACE DRIVE, CLIO, ALABAMA.

6. Attached in the Plaintiff's Exhibit's "A" are
AFFIDAVIT'S, WHICH CLEARLY STATE a ELAVATED WATER TANK
is located withjin 200 BEET/ yards of the prison Compoun
at 200 WALLACE DRIVE, clio, Alabama.

6. Plaintiff avers that in NO Report, does it state, that
the City of Clio, or the E.P.A., or the A.D.E.M. has
ever come to the Prison and tested the Water itself out
of the Showers and or sinks.  Furthermore, in no report
does it say, nor show proof that the Citizens of Clio,
Alabama, actually receive the same Water as the prisoner
at Easterling Correctional Facility.

7. According to the Contract and Agreement that was signed
by the A.D.O.C. and the medical provider's, was the
understanding that Prisoner's WOULD NOT be repeatedly

charged for repeat Visit's stemming from the same or original complaint's, as the Plaintiff and other prisoner's have been charged.

8. Plaintiff would assert and aver that NO Legislation has been passed authorizing the State of Alabama, Alabama Department of Corrections to charge an Inmate for Medical Services. PLEASE SEE, PLAINTIFF'S EXHIBIT " _ ". Plaintiff avres that this fee is even if prisoners do not see a Doctor Doctor, nor receive any type of medications.

9. Plaintiff ave4s that the Defendant's are misleading this Honorable Court in a lot of different areas.

Plaintiff avres to this Honorable Court, that his Complaint should not be Dismissed Unless it appears beyond a reasonable Doubt that the Plaintiff can prove no set facts in support of his claim, which would ultimately entitle him to relief. SEE: HAINES VS. KERNER, 404 U.S. 519, 30 L.Ed.2d. 652, 92 S.Ct. 594 (1972). Furthermore, in the case of CRUZ VS. BETO, 405 U.S. 319, 322 (1972), that Honorable Court stated that a Complaint " SHOULD NOT BE Dismissed for Failure to State a Claim UNLESS it appears beyound Doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. Furthermore, in the case of CONLEY VS. GIBSON, 355 U.S. 41,46 (1957), the UNITED STATES SUPREME COURT said, " THAT IN CONSIDERI a Motion to Dismiss, a pro-Se Complaintant, should be held to less strict standards, than a Motion drafted by an Attorney."

- 3 -

Plaintiff would aver to this honorable Court, that due to previous " THREATS" of RETALIATION from the Defendant, and those Officer's who work at EASTERLING Correctional Facility most Prisoners are " SCARED" to give the Plaintiff any AFFIDAVIT's, concerning the showers. The Defendant's are known for using these " SCARE TATIC'S" of placing prisoners into Segregation and or what is commonly known as the " HOT DORM" who is another form of Segregation.

Plaintiff would thus Request that this Honorable Court issue forth under RULE 56 (f) F.R.CIV.P., to " MAKE SUCH OTHER ORDER AS MAY BE JUST", and thus allow the Plaintiff to attempt to speak to other prisoner's without any RETALITATION comming from the Defendant's and or their Employee's and or Agent's towards those prisoners who wish to give the Plaintiff an Affidav concerning said Issues. OR, ORDER the Defendant's to place a Notice in EACH DORM and the Law Library and all and any other areas, which Inmates may be at, of this Lawsuit, and if the so wish that they may send their Own Affidavit's DIRECTLY to this Honorable Court, within ? days, of said Posting, with Notification that no Acts of Retaliation will be undertaken by any of the Defendant's and or their Agent's or Employee's.

As the opposing party to the Defendant's Motion and Special Report, the Plaintiff respectfully requests that this Honorable Court takes into consideration, that these are issues, which affect other Prisoners who are Housed at the Easterling Correctio Facility, as well., and furthermore, that the Judge, views the Evidence in the LIGHT MOST FAVORABLE TO THE PARTY OPPOSING SAID MOTION..

Plaintiff respectfully requests Once again, that this Honorable Court, allow the Plaintiff to FULL and COMPLETE DISCOVERY Requests, in order that the Plaintiff will be able to

- 4 -

prove his case.

Plaintiff would furthermore, take this time to apologise to this Honorable Court for the type of Paper, that the Plaintiff is forced to use to file this paperwork on, but, due to the EATSERLING CORRECTIONAL FACILITY LAW LIBRARY SUPERVISOR'S DIRECT STATEMENT AND ORDER'S, that all the LAW LIBRARY at East Easterling MUST provide to prisoner's is 11 Sheets of Paaper and 2 Envelopes per week, regardless if prisoner's have Money on Books or not, which is in Direct Violation of the Laws set out in the Case of BOUNDS VS. SMITH. Due to the Defendants' DIRECT ORDER to Mr. Gavins, COI, Law Library Supervisor, the Plaintiff has had to use whatever paper that the Plaintiff can find, in order to file his legal Work, as COI GAVINS has said, that HE WILL NOT, pass out any more paper other than the 11 sheet of paper per week.

WHEREFORE, Plaintiff respectfully, prays that this Honorable Court will DENY the Defendant's request, and thus allow the Plaintiff to continue with his Complaint, and continue with Discovery process, so that the Plaintiff will be able to show this Honorable Court the proof necessary, in order to Obtain a Judgement in the Plaintiff's behalf.

DATED: OCTOBER 27, 2005.                Respectfully Submitted,

*Charles G. Kegler*
CHARLES KEGLER
AIS # 127802  6-B
E.C.F. 200 WALLACE DR.
CLIO, AL 36017

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of October, 2005 I placed in the Institutional mailbox at EASTERLING CORR. FAC.

- 5 -

with First Class Postage affixed and properly addressed too:
MR. TROY KING, ATTORNEY GENERAL, AND MR. JEFFERY H. LONG,
ASSISTANT ATTORNEY GENERAL, OFFICE OF THE ATTORNEY GENERAL,
ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA
36130 a True and Correct copy of the attached with EXHIBITS
attached.

*Charles C. Kegler*
CHARLES KEGLER.

STATE OF ALABAMA
COUNTY OF BARBOUR

### Affidavit of Courtney Boyd #208921

I am said Affiant.
I am over 21 yrs of age.
I am mentally competent to make said affidavit, and am willing to testify to such.
I make said affidavit voluntarily and willingly.

While I was housed at the Elmore Corr. Fac. I did NOT have any skin problems. After being housed at Easterling and after showering I began to notice spots/rash like on my chest/stomach.

This water is hard. I never had this trouble at Elmore nor Staton Corr. Facilities!! No matter how much I rinse off, I feel like I am not clean, that there is a soap film still on me.

Done on the 27th of October 2005     Courtney Boyd
                                     Courtney Boyd
                                     #208921    6-B-102
                                     E.C.F. 200 Wallace Dr.
STATE OF ALABAMA                     Clio, AL. 36017
COUNTY OF BARBOUR

Sworn too and subscribed before me on this the 27 day of October, 2005.

_____          5-7-2006
Notary Public                 My commission expires on

STATE OF ALABAMA
COUNTY OF BARBOUR

## AFFIDAVIT OF CHARLES KEGLER

I AM THE AFFIANT IN SAID Affidavit.

I am over the age of 21 years.

I am Mentally Competant to testify to the matters so stated.

I have not been Threatened to make this Affidavit, nor have I been promised anything to maske said Affidavit am do so out of my own free will and choosing.

Since I have been at the EASTERLING CORRECTIONAL FACILITY, I have acquired a lot of skim troubles with Rashes, et that I believe has come from the Water that is used at this Facility. This Water is very Hard, and furthermore, whenever, I get in and use soap, there is no amount of rinsing off, that I can use to attempt to try and get the Soap off of me, as it feels, then after I rinse off, that I still have soap left on my body. This is also true of the Water that is used out of the sinks.

There is an Elevated Storage Water Tank, that is located within several ########### Hundred yards of the Prison Fense at #### Easterling prison, and which is in complete sight of and too all of the prisoners within the Compound.

I have been charged for Repeat Visits to the Health Care Unit at Easterling Correctional Facility, when I have complained of the same charges and or complaints. This means that each and everytime I have to go back to the health care unit for a complaint for which they have al;ready charged me for, they charge me again, and again, and again, and that is not right.

I further sayeth not.

DATED: OCTOBER 27, 2005.

CHARLES KEGLER
200 WALLACE DRIVE
CLIO, AL   36017

STATE OF ALABAMA
COUNTY OF BARBER

Sworn to and Subscribed before me on this the 27 day of October, 2005.

NOTARY PUBLIC:

5-7-2006
MY COMMISSION EXPIRES ON:

STATE OF ALABAMA
COUNTY OF BARBOUR

AFFIDAVIT OF Douglas L. Gray #241046

I, am the affiant herein.

I, am over twenty-one years of age.

I, am mentally competant to make said affidavit. I am willing to testify to such in a court of law.

I make said affidavit voluntarily and willingly.

Before, I came to Easterling Corr. Fac. from Kilby Corr. Fac. I did not have any rashes etc. on me. After using the shower water, I noticed rashes- These rashes get more redder after bathing with the water from Easterling

This water feels as though the soap film does not come off of you, regardless how much one attempts to rinse etc. or after washing his hands.

Douglas L. Gray
#241046   6-8-86
E.C.F. 200 Wallace Dr.
Clio, AL 36017

Oct. 27, 2005
STATE OF ALABAMA
COUNTY OF BARBOUR

Sworn to and subscribed before me on this the 27 day of Oct, 2005.

Notary Public

5-7-2006
My commission expires on

AFFIDAVIT OF DERRICK ALEXANDER #236784

I am said affiant of affidavit.
I am over 21 yrs. of age.
I am mentally competent to make said affidavit. I am willing to testify to such in a court of law.

I make said affidavit voluntarily and willingly. I have NOT been threatened nor promised anything to make said affidavit.

While I was at Frank Lee Youth Center, then at Kilby, I did not have any rashes or like spots on my body. After using the showers at E.C.F. I became aware of said rashes etc. The water, once I rinse off, feels like I have not ever rinsed off the soap, no matter how long I shower for. The sinks are the same way.

The water was not like this at either Kilby or Frank Lee.

Derrick Alexander
#236784    6-B-63
E.C.F. 200 Wallace Dr.
Clio, AL. 36017

Oct. 27-05
State of Alabama
County of Barbour.

Sworn to and subscribed before me on this the 27 day of Oct 2005.

_____
Notary Public

5-7-2006
My commission expires on

# Audit probes prison program

## Missed payments, fees questioned

By KIM CHANDLER
News staff writer

The Birmingham News
Saturday
August 28, 2004
11A

PETITIONER'S EXHIBIT #1

MONTGOMERY — State auditors have found problems with Alabama work-release programs, including that prison employees sometimes hired inmates to work in their homes and businesses and didn't pay them.

Audits released Friday also questioned the legality of other practices, including charging inmates $5 for rides to and from their work-release jobs, a fee that raised $2.6 million last year for the state prison budget.

The Examiners of Public Accounts released separately an audit of the Department of Corrections and a special audit of the department's Decatur work-release facility. The audits flagged problems with work-release operations in Decatur, Birmingham and Loxley.

The audit of the Decatur facility specifically criticized an old policy that allowed Department of Corrections employees and their relatives to hire work-release inmates. The audit found that the majority of inmates were not paid at all and inmates were sometimes checked out for days at a time without a job to do. The department ended the policy last year because of the potential for abuse and security problems, spokesman Brian Corbett said.

Corbett said two employees still owe inmates money for work, and the department is trying to correct that. One owes $1,500, and the other owes $700, he said. One employee is paying on an installment plan. The other is serving overseas in the military.

▶ See **Audit**, Page 12A

## AUDIT: Work-release program examined

▶ From Page 11A

One of the audits noted that work-release inmates were charged $3 co-pays for inmate-initiated use of medical services, $5 for round trips to work and $25 for drug tests if they failed.

"It appears that the Department of Corrections does not have specific legal authority to charge these fees," auditors wrote. The report recommends that in the future, the department charge inmates only fees authorized by law.

Corbett said he did not know what auditors meant by "appears." He said the department would look into the finding.

At the Birmingham work-release center, the audit noted multiple problems with the handling of money that inmates earned from their work-release jobs. The audit's findings also included that some inmates were being forced to pay for their own medical care.

The warden of the Birmingham facility forced inmates with $300 in their prison accounts to pay for medical care with private providers. According to the audit, regulations say inmates with $500 in their accounts get "an option of using free-world medical and dental facilities at their own expense," referring to health care not provided through the prison system.

Corbett said the department has addressed many of the problems flagged in the audits.

Prison Commissioner Donal Campbell in April transferred the warden of the Birmingham work release to another facility. Campbell declined to elaborate on his reasons for the change other than he had complaints about money.